IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| James Tinsley, # 171943, | ) C/A No. 2:15-cv-02744-SB-MGB |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **REPORT AND RECOMMENDATION** |
| | ) |
| Warden, Allendale Correctional Institution, | ) |
| | ) |
| Respondent. | ) |
| _____ | ) |

Petitioner James Tinsley ("Petitioner" or "Tinsley"), a self-represented state prisoner, filed this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court pursuant to 28 U.S.C. §636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(c) (DSC) for initial screening. Petitioner alleges he is serving a fourteen-year sentence on four convictions for receiving stolen goods and one conviction for possession of a stolen vehicle. (*See* Dkt. No. 1-2 at 1 of 34.)

Having reviewed the instant Petition and applicable law, the Court finds that this § 2254 Petition should be summarily dismissed.

## *PRO SE* HABEAS REVIEW

Under established local procedure in this judicial district, a careful review has been made of the *pro se* petition filed in the above-captioned case. The review was conducted pursuant to the procedural provisions of the Anti-Terrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214, and in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995); *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). This Court is required to construe *pro se* petitions liberally. *Erickson v. Pardus*,

1

551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). Such *pro se* petitions are held to a less stringent standard than those drafted by attorneys, and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978) (citing *Rice v. Olson*, 324 U.S. 786, 791-92 (1945); *Holiday v. Johnston*, 313 U.S. 342, 350 (1941)).

When a federal court is evaluating a *pro se* petition, the petitioner's allegations are assumed to be true. *Hughes*, 449 U.S. at 10 (citing *Cruz v. Beto*, 405 U.S. 319, 322 (1972)).  However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).  Furthermore, this Court is charged with screening Petitioner's lawsuit to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing Section 2254 Cases in the United States District Courts. The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, *Small v. Endicott*, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

2

## BACKGROUND

Petitioner alleges that on July 31, 2008, he was sentenced to fourteen years of incarceration after being convicted on four counts of receiving stolen goods and one count of possession of a stolen vehicle. (*See* Dkt. No. 1-2 at 1 of 34.) Petitioner asserts that he filed a direct appeal but that the South Carolina Court of Appeals affirmed his conviction and sentence on May 30, 2012. (*Id.* at 2 of 34.) Petitioner alleges he sought further review by the South Carolina Supreme Court, which upheld his conviction on February 6, 2014. (*Id.*)

Petitioner asserts he filed an application for post-conviction relief ("PCR") in the Oconee County Court of Common Pleas on December 16, 2014. (*Id.* at 3 of 34.) In responding to the question on the application as to whether he "receive[d] a hearing where evidence was given on [his] petition," Petitioner responded "no," stating that the "case [is] still active" because the "state refuses to conduct [a] hearing or respond to Petitioner's summary judgment motion." (*Id.* at 3-4 of 34.) In responding to a question regarding whether he exhausted his state remedies, Petitioner stated (verbatim),

> Attempted to file PCR but case has continuously been delayed. Court has refused to address my outstanding Motions for Summary Judgment and have not scheduled an evidentiary hearing. The State has interfered with my ability to have my issues reviewed in a timely manner. Granberry v. Greer, 481 U.S. 129, 131-36 (1987); Montgomery v. Melony, 90 F.3d 1200, 1205-06 (1996); Harris v. Campion, 15 F.3d 1538, 1556 (10th Cir. 1994).

(Dkt. No. 1-2 at 5 of 34.)

## DISCUSSION

The § 2254 Petition filed in this case should be dismissed because it plainly appears that Petitioner has not fully exhausted his state court remedies. With respect to his July 2008 Oconee

3

County convictions and sentences, Petitioner's sole federal remedies are a writ of habeas corpus under 28 U.S.C. § 2254 and possibly, but less commonly, a writ of habeas corpus under 28 U.S.C. § 2241, either of which can be sought only after Petitioner has exhausted his state court remedies. *See* 28 U.S.C. § 2254(b);[1] 28 U.S.C. § 2254(c); *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 490-91 (1973) (exhaustion also required under 28 U.S.C. § 2241). The exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights." *Coleman v. Thompson*, 501 U.S. 722, 731 (1991). Exhaustion "preserves the respective roles of state and federal governments and avoids unnecessary collisions between sovereign powers. States are allowed to vindicate their interest in prompt and orderly administration of justice, while the federal judiciary upholds its responsibility to prevent the exercise of illegitimate authority." *Fain v. Duff*, 488 F.2d 218, 224 (5th Cir. 1973) (citing *Braden*).

The United States Court of Appeals for the Fourth Circuit, in *Matthews v. Evatt*, 105 F.3d 907 (4th Cir. 1997), held that "a federal habeas court may consider only those issues which have

---

[1] Section 2254 provides, in relevant part,
> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>> (A) the applicant has exhausted the remedies available in the courts of the State; or
>> (B)(i) there is an absence of available State corrective process; or
>> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
> (2) An application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State.
> (3) A State shall not be deemed to have waived the exhaustion requirement or be estopped from reliance upon the requirement unless the State, through counsel, expressly waives the requirement.
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254(b)-(c).

been 'fairly presented' to the state courts." *Matthews*, 105 F.3d at 911, *overruled on other grounds by United States v. Barnette*, 644 F.3d 192 (4th Cir. 2011). "The burden of proving that a claim has been exhausted lies with the petitioner." *Id*. (citations omitted). The exhaustion doctrine requires that, before a federal court will review any allegations raised by a state prisoner, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process."  *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process before filing a habeas petition); *Picard v. Connor*, 404 U.S. 270, 275-76 (1971). Therefore, Petitioner must pursue his application for post-conviction relief in state court, and if that application is denied, he must seek state appellate review of his PCR denial[2] before he can be said to have

---

[2]Review of a PCR denial is sought in state appellate courts by way of a petition for writ of certiorari as provided under Rule 243 of the South Carolina Appellate Court Rules ("SCACR") and S.C. Code § 17-27-100. After filing a petition for writ of certiorari in the South Carolina Supreme Court, the petition will, in many cases, be transferred for consideration to the South Carolina Court of Appeals pursuant to SCACR 243(l). If the case is transferred to the Court of Appeals, that case is the final step that Petitioner must take in order to fully exhaust his state court remedies under § 2254. *See State v. McKennedy*, 348 S.C. 270, 559 S.E.2d 850 (2002); *see also In re Exhaustion of State Remedies in Criminal & Post-Conviction Relief Cases*, 321 S.C. 563, 471 S.E.2d 454 (1990). In *McKennedy*, the South Carolina Supreme Court specifically held that *In re Exhaustion* had placed discretionary review by the South Carolina Supreme Court "outside of South Carolina's ordinary appellate review procedure pursuant to *O'Sullivan [v. Boerckel*, 526 U.S. 838 (1999) ]." *McKennedy*, 348 S.C. at 277-78, 559 S.E.2d at 854. Accordingly, a claim would not be procedurally barred from review in this Court for failure to pursue review in the South Carolina Supreme Court after an adverse decision in the South Carolina Court of Appeals, either after a direct appeal or after pursuing relief in a PCR petition.

Failure to seek and complete such review may result in the grounds raised on federal collateral review being barred by procedural default. See Longworth v. Ozmint, 377 F.3d 437, 447-48 (4th Cir. 2004) (concluding that certain grounds are "procedurally defaulted as a result of [the petitioner's] failure to raise them in his petition for certiorari to the South Carolina Supreme Court for review of the State PCR Court's decision"); *see also Whitley v. Bair*, 802 F.2d 1487, 1500 & n.27 (4th Cir. 1986). *But see Coleman*, 501 U.S. at 750 (federal court is precluded from hearing a procedurally defaulted claim unless the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice"); *Maples v. Thomas*, 132 S. Ct. 912, 924 (2012); *Martinez v. Ryan*, 132 S. Ct. 1309, 1315 (2012); *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Schlup v. Delo*, 513 U.S. 298, 327 (1995).

exhausted his available state court remedies. *Miller v. Harvey*, 566 F.2d 879, 880-81 (4th Cir. 1977); *Patterson v. Leeke*, 556 F.2d 1168, 1170-73 & n.1 (4th Cir. 1977).

Petitioner appears to acknowledge that he has not exhausted the state court remedies available to him; he contends, however, that his failure to exhaust should be excused because his PCR proceeding "has continuously been delayed." (*See* Dkt. No. 1-2 at 5 of 35.) The exhaustion requirement may be excused in certain circumstances—one of which is inordinate delay on the part of the state which renders the PCR process ineffective. *See Wojtczak v. Fulcomer*, 800 F.2d 353, 354 (3d Cir. 1986) (forty-two month delay excused exhaustion). However, the delay must be attributable to the state's procedures and not the actions of the applicant in order to excuse the delay. *Whittlesey v. Circuit Court for Baltimore County*, 897 F.2d 143 (4th Cir. 1990) (affirming district court's conclusion that the petitioner failed to exhaust his state court remedies where the petitioner "deprived the state court system of the opportunity to pass upon his habeas claims by escaping from prison, fleeing to another state, committing crimes in that other state, and being imprisoned there for those crimes"). In the Fourth Circuit, it appears that "the length of delay is not a determinative factor when some of the delay is attributable to petitioner." *Walkup v. Haines*, Civ. A. No. 5:04-1283, 2005 WL 2428163, *3 (S.D.W.Va. Sept. 30, 2005) (citing *Matthews v. Evatt*, 51 F.3d 267, n.* (4th Cir. 1995) (unpublished table decision)).

From a review of the Oconee County Tenth Judicial Circuit Public Index, Petitioner filed an application for post-conviction relief on or about April 4, 2013, before his direct appeal concluded. *See Tinsley v. South Carolina*, C/A No. 2013CP3700272.[3] After his direct appeal concluded,

---

[3] *See* http://www.judicial.state.sc.us/caseSearch/.

Petitioner filed a second application for post-conviction relief on or about December 16, 2014. *See Tinsley v. State of South Carolina*, C/A No. 2014CP3700737. In his 2014 PCR application, Petitioner filed a "2nd Supplemental Issue for PCR" on or about June 11, 2015, as well as a "First Amended Application for Post Conviction Relief" on or about September 22, 2015. *See id*. Petitioner has filed several Motions to Relieve Counsel: one on or about June 26, 2015; a second one on or about November 9, 2015; and a third one on or about November 13, 2015. *See id.*

The docket in Petitioner's PCR action reveals that the case is proceeding through the state court on its normal course, with much of the delay being caused by Petitioner himself. *See generally Tinsley v. State of South Carolina*, C/A No. 2014CP3700737. There is no inordinate delay in the state proceeding, and Petitioner should be required to continue to exhaust his claims in state court. *See Cabbagestalk v. McCall*, C/A No. 3:11-2665-SB, 2012 WL 3096040, at *3 (D.S.C. July 6, 2012), *adopted at* 2012 WL 3096049 (D.S.C. July 30, 2012); *Gary v. Bodison*, Civ. A. No. 2:09-cv-1445-MBS, 2010 WL 2195464, at *4 (June 1, 2010).

Because Petitioner has failed to exhaust his state court remedies, the undersigned recommends the instant petition be dismissed without prejudice to allow Petitioner to fully exhaust his claims. *See Rose v. Lundy*, 455 U.S. 509 (1982); *see also Sanders v. Warden, Trenton Corr. Inst.*, C/A No. 4:13-1302-TMC, 2014 WL 1254115, at *4 (D.S.C. Mar. 26, 2014).

## RECOMMENDATION

Because it is clear that Petitioner has viable state court remedies which have not been fully utilized, this Court should not keep this case on its docket while Petitioner is exhausting his state remedies. *See Galloway v. Stephenson*, 510 F. Supp. 840, 846 (M.D.N.C. 1981) ("When state court remedies have not been exhausted, absent special circumstances, a federal habeas court may not retain the case on its docket, pending exhaustion, but should dismiss the petition."). Therefore, the undersigned recommends that the instant § 2254 Petition be dismissed without prejudice and without requiring Respondent to file a return. It is further recommended that a certificate of appealability be denied.[4]

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

November 17, 2015
Charleston, South Carolina

**Petitioner's attention is directed to the important notice on the next page.**

---

[4] Title 28, Section 2253 provides in relevant part,
(c)(1) Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from–
(A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court; or
(B) the final order in a proceeding under section 2255.
28 U.S.C. § 2253. A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In the case *sub judice*, the legal standard for a certificate of appealability has not been met. The undersigned therefore recommends that a certificate of appealability be denied.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**Post Office Box 835**
**Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).