IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

2016 APR 21  A 8: 55

James Tinsley, #171943,            )
                                   )
        Petitioner,                )
                                   )   Civil Action No. 2:15-2744-SB
v.                                 )
                                   )   **ORDER**
Warden, Allen Correctional Institution,  )
                                   )
        Respondent.                )
_____)

This matter is before the Court on the Petitioner's request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pursuant to Local Rule 73.02(B)(2)(a), this matter was referred to a United States Magistrate Judge for preliminary review.

On November 17, 2015, Magistrate Judge Mary Gordon Baker issued a report and recommendation ("R&R"), considering the petition and recommending that the Court dismiss the petition without prejudice and without issuance and service of process based on the Petitioner's failure to exhaust his state court remedies.

On December 7, 2015, the Petitioner filed timely objections to the R&R. See 28 U.S.C. § 636(b)(1) (providing that a party may object, in writing, to an R&R within fourteen days after being served with a copy of that report). In his objections, the Petitioner agrees with the Magistrate Judge that he has not exhausted his state court remedies; however, he asserts that he has been trying to exhaust them but "those who are involved are so corrupt that they have refused to take any action on his outstanding motions to move his case through the system." (Entry 12 at 3-4.) The Petitioner asks the Court to either allow his case to proceed or stay his case and hold it in abeyance pending state court review.

(Id.)

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. See Mathews v. Weber, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination of any portion of the R&R to which a specific objection is made. The Court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. See 28 U.S.C. § 636(b).

Here, as the Magistrate Judge determined (and the Petitioner concedes), the Petitioner has failed to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus . . . shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State.") In his objections, the Petitioner argues that the Court should excuse his failure to exhaust based on the alleged delay in his state court proceedings. Importantly, however, a review of the R&R indicates that the Magistrate Judge specifically considered and rejected this argument. In considering this argument, the Magistrate Judge reviewed the Oconee County Tenth Judicial Circuit Public Index and noted that the Petitioner filed a PCR application on April 4, 2013, before his direct appeal concluded. See Tinsley v. South Carolina, Civil Action No. 2013CP3700272. Then, after his direct appeal concluded, the Petitioner filed a second PCR application on December 16, 2014. See Tinsley v. South Carolina, Civil Action No. 2014CP3700737. The Magistrate Judge noted that between June and November of 2015, the Petitioner filed various motions in his second PCR application, including a "2nd Supplemental Issue for PCR," a "First Amended Application for

2

Post Conviction Relief" and several motions to relieve counsel. Ultimately, the Magistrate Judge determined that the second PCR action appeared to be proceeding through the state court on its normal course, and the Magistrate Judge found no evidence of inordinate delay on the part of the state. See Wojtczak v. Fulcomer, 800 F.3d 353, 354 (3d Cir. 1986) (excusing exhaustion of state remedies based on inordinate delay by the state); Farmer v. Circuit Court of Maryland for Baltimore County, 31 F.3d 219, 223 (4th Cir. 1994) (citation omitted) ("There is of course authority for treating sufficiently diligent, though unavailing, efforts to exhaust as, effectively, exhaustion, and for excusing efforts sufficiently shown to be futile in the face of state dilatoriness or recalcitrance.").

After review, the Court agrees with the Magistrate Judge's recommendations and finds the Petitioner's objections unavailing. Although the Petitioner is correct that an inordinate and unjustified delay in the state court process may excuse a petitioner from the traditional statutory requirement of exhaustion, courts in the Fourth Circuit have indicated that the delay must be attributable to the state's procedures, which infringe on the Petitioner's due process rights, and not be attributable to the Petitioner's own actions. See Walkup v. Haines, 2005 WL 2428163, *3 (S.D. W. Va. Sept. 30, 2005) (stating the same); see also Farmer, 31 F.3d at 222 (declining to excuse exhaustion where the petitioner effectively created the situation giving rise to the delay by escaping from custody); Mosley v. Reynolds, 2008 WL 68688 (D.S.C. Jan. 4, 2008) (stating the same). In addition, in the Fourth Circuit the length of delay does not appear to be a determinative factor. See Matthews v. Evatt, 51 F.3d 267 n. * (4th Cir. 1995) (noting that the nearly four-year delay in this case did not excuse exhaustion because some of the delay was attributable to the petitioner). Here, because it appears that the Petitioner's state PCR

3

application is proceeding on its normal course, and because there is no evidence of inordinate delay on the part of the state, the Court agrees with the Magistrate Judge that there is no reason to excuse the exhaustion requirement.[1]

## CONCLUSION

Based on the foregoing, it is hereby

**ORDERED** that the R&R (Entry 10) is adopted and incorporated herein; the Petitioner's objections (Entry 12) are overruled; and this petition is dismissed without prejudice and without issuance and service of process for failure to exhaust state court remedies.

**IT IS SO ORDERED.**

*for* The Honorable Sol Blatt, Jr.
Senior United States District Judge

April 18, 2016
Charleston, South Carolina

---

[1] To the extent the Petitioner asks the Court to stay the instant petition, the United States Supreme Court has approved the use of a "stay-and-abeyance" procedure in the case of certain "mixed" federal habeas corpus petitions, *i.e.*, those petitions that contain both exhausted and unexhausted claims. Rhines v. Weber, 544 U.S. 269, 277 (2005). This case does not appear to involve a "mixed" petition, and it is not clear whether the "stay-and-abeyance" procedure applies beyond the context of mixed petitions. See Landeck v. Allen, 2014 WL 5410630, *3 (E.D. Va. Oct. 22, 2014) (citation omitted) (noting that the Third and Seventh Circuits have concluded that Pace v. Guglielmo, 544 U.S. 408, 416 (2005) extended Rhines beyond mixed petitions); cf. Payne v. Johnson, 2008 WL 3843447, *1 (E.D. Va. Aug. 15, 2008) (citations and internal quotations omitted) ("Nevertheless, where a petitioner has failed to exhaust state court remedies for *all* of his claims, the federal court must dismiss the petitioner without prejudice because the use of the 'stay and abeyance' procedure for certain 'mixed' federal habeas petitions is inapplicable."). Even assuming that Pace extends Rhines to allow stay and abeyance of a petition comprised of only unexhausted claims, Rhines requires a showing of good cause for a petitioner's failure to exhaust, and under the circumstances of this case, the Court finds that no stay is warranted, as the state action appears to be proceeding on its normal course.

## Certificate of Appealability

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A petitioner satisfies this standard by demonstrating that reasonable jurists would find that this Court's assessment of the constitutional claims is debatable or wrong or that the issues presented were adequate to deserve further attention. See Miller–El v. Cockrell, 537 U.S. 322, 336 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000); Rose v. Lee, 252 F.3d 676, 683 (4th Cir. 2001). Here, the Court finds that the Petitioner has not met the legal standard for the issuance of a certificate of appealability. Therefore, the Court denies a certificate of appealability.